

RECEIVED

2/25/2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

DD

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**DEREK K WEBB**

  **Plaintiff**

Case No.

1:25-cv-01993
Judge LaShonda A. Hunt
Magistrate Judge Beth W. Jantz
PC7
RANDOM / Cat. 3

v.

**PHILLIP MILLER   #183**

**JESUS MENDEZ  #335**

**ADAM ROSALES  #128**

**CHAD EVANS Sgt. #57**

**DEWAYNE ENGLISH Sgt. #53**

**UNKNOWN OFFICER**

**CITY OF JOLIET**

  **Defendants**

*JURY TRIAL DEMANDED

## CIVIL COMPLAINT UNDER 42 USC § 1983 FOR DECLARATORY JUDGEMENT, INJUNCTIVE RELIEF, MONETARY  & PUNITIVE DAMAGES.

**NOW COME** The Plaintiff Propia Persona, Sui Juris in this civil complaint seeking a **Declaratory Judgment, Injunctive Relief , Monetary, And Punitive Damages** against the above-named Joliet Police Officers for constitutional violations against Mr. Webb. Namely; **Excessive Force**, Theft, Physical **Injuries, Mental Anguish, Intentional Infliction Of Emotional Distress & Loss Of A Normal Life.** He sustained  these Injuries  as a result of their unlawful conduct.  In support thereof the Plaintiff states as follows:

1

## INTRODUCTION

1.      On October 1, 2023 **DEREK WEBB** was a passenger in a Grey Mazda belonging to__Christopher Bailey. [ Joliet, IL] An unknown officer in a Crown Victorian followed  Christopher from Eden's Bar & Grill for approximately 1.9 miles. This unknown officer turned off on McDonough Street.   Phillip Miller got behind the car then pulled the vehicle over for a Not having a registration light and Failure to use signal 100 ft from a stop sign. The Driver pulled the vehicle off the road  into a parking lot across the street from the Joliet Rialto Theater on Chicago St.. Officers Phillip Miller, Jesus Mendoza, Chad Evans approached the car with their guns drawn.

2.      They asked the the Plaintiff for identification. He complied by handing officers his ID through the sunroof.   Miller ordered him and other defendants  out the car.  He  calmly got out with his cell phone in one hand  his wallet in another. Miller & Rosales Immediately grabbed  Mr. Webb aggressively.  Yet Did not tell him he was under arrest. He asked them what was the problem and why where they grabbing him? They ignored him. He attempted to get officers off him as he had did nothing worthy of arrest.

3.      Sgt Evans then pointed a taser directly at Mr Webb's face he believed that he was going to pull the trigger so he knocked the taser out of his hand for fear of his life. [Mr. Webb had been a previous victim of gun violence and in 2011] Defendant Evans the yelled " Beat his ass!"  Officer Miller, and Rosales  wrestled him to the ground The Defendant hit his eye on the curb and his face on the ground causing permanent eye damage. MENDEZ tasered Webb (2) times. While yelling for him to place his hands behind his back. Sgt. Evans continued tasering him even though he knew that he was unable to comply with his command.

4.      The Defendant repeatedly seized up, was even unable to yell as 50 thousand volts of electricity coursed through his body. Mr. Webb urinated & defecated himself. He was tasered as

2

least **(4) times** by Chad Evans, (2) times by Mendez even simultaneously according to video police reports and **video** evidence. Then he was handcuffed. He was not only humiliated but Defendant's actions undermined Mr. Webb's dignity as a human being.

5.      Officers Searched him without his consent or probable cause to believe that he had committed a crime. Mr Webb had a right to be treated with respect and dignity. Officers escalated and expanded a simple traffic stop. They escalated the situation by exaggerating what they saw that night. While Officers utilized excessive force against him there was no reason to believe that he committed a crime or  was a threat. He had only his wallet and cell phone in both hands. Derek had just collected $320 dollars from Eden's Bar & Grill. He worked security there and was on his way home that night. Sgt Chad Evans said  in Police reports that he wanted to search the Plaintiff because of a Fannie pack (bag) he was wearing that he said was in style and that criminals use them to conceal guns and drugs.

## STOLEN MONEY

6.      Immediately, After the incident Officer Miller picked up the Plaintiff's wallet and Phone. Mr. Webb was transported to Silver Cross Hospital An Unknown Officer elected to take pictures of the Plaintiff on his private cell phone. Nursing staff asked him where was the digital camera normally used for collecting evidence?  He said that it didn't matter. Plaintiff understands that smart phones allow social media an other application to have access to it's photo gallery. Pictures of the Plaintiff body may still be on his phone in violation of - Health Insurance Portability and Accountability Act  [HIPPA] laws.  Mr. Webb had a right to a reasonable expectation of privacy guaranteed under HIPPA. That  right was denied. He was later transported to Loyola Hospital. He stayed until about 7 am then was released to Joliet Police Dept.  **10/1/23** Upon entering the police station. An inventory of the Plaintiff's belongings was taken and he was

3

told that he had $91 dollars. He then filed a Formal Complaint with the department. He

Explained that he had just got paid $320 the night of his arrest and that $229 dollars was taken

from him.

7.      January 29, 2024 He received a response from JPD's Police Chief William Evans. That

response stated that. *"[He] filed a complaint against a member of the Joliet Police Department.
As a result of your complaint, an investigation was was conducted. The evidence gathered in this
investigation indicated that the member acted improperly. Appropriate discipline has been
imposed."*

## HIDING EVIDENCE

8.      Mr. Webb believed his rights had been violated and conducted an independent

investigation to see what exactly was the finding of Internal Affairs. For this reason he submitted

a Freedom Of Information Request (**FOIA** ) request under **5 ILCS 140/1 et seq.** To Joliet Police

Dept. on 11/12/24 [**Reference #P032969-111224**] For *"Any and all Reports Associated with
Internal Affairs Case # E2023-001"*.

9.      **That** request was denied in full under **Supreme Court Rule 415(c)**.  Public Relations Sgt.

Dewayne English also denied the request under **TURNER V. JOLIET POLICE DEPARTMENT 2019
ILL App (3d) 170819** found (In Summary) *"That Defendants are entitled access to requested
documents through consultation with their attorney, However Defendant's are not entitled to
receive or possess the records on their own."*

10.      Plaintiff understood **Supreme Court Rule 415 (c)** deals with the regulation of **Criminal**

Discovery. He spoke with another individual who explained to Derek why this request had been

wrongfully denied. As Mr. Webb was seeking records from a Civil Complaint he  filed against a

JPD member. The records requested were not part of his criminal discovery but was an entirely separate issue.  At this point it became evident to the Plaintiff that their denial was proof of bad faith on behalf of Dewayne English [Public Affairs Administration] Mr. Webb that thought it an incredible occurrence that he would be allowed to file a civil complaint by JPD and yet be denied any information relevant to the result.

11.     The Plaintiff Spoke with Melvin Ammons Jr. about the denial. Mr. Ammons submitted another request for records under FOIA on 1/3/25  which were previously denied the Plaintiff. That record was *"[G]ranted in part and denied (redacted) in Part.* [ **Reference #P033671-010325** ]

*   **NOTICE OF COMPLAINT DISPOSITION [ Internal Affairs ]**

**Issued By: Lieutenant Chris Delaney**

**To: Phillip Miller**

**January 19,2024**      *"The Complaint alleges that on October 1, 2023 between the hours of 2:41 am & 7am. You failed to inventory and document an arrestee's property, that being currency, that was in your custody.  The complaint has been investigated and based on available evidence, been found to be SUSTAINED. You have violated JPD* **General Order 7-1, Code Of Conduct, SubsectiOon : 1.1.D.***"* He received only a **Written Reprimand.**

## EXCESSIVE FORCE & THEFT

12.     Defendant **MILLER, ROSALES,**  held the Plaintiff down while **SGT.CHAD EVANS** and **JESUS MENDEZ** tasered Derek 6 Times Collectively and at the same time . Defendant Mendez lied on the Plaintiff in Police Reports and Claimed that Mr. Webb bit him. However, video evidence contradicts his claims. Officer Miller on **10/1/23** stole the Plaintiff's 229 dollars then was afforded the opportunity [through the Will County State's Attorney Office]  to testify  in-front of a

Grand Jury against Against Webb to Return a 5 Count Indictment of; **Armed Habitual Criminal (Class X Felony), Unlawful Possession Of A Weapon By A Felon, Aggravated Battery)** and **Obstructing a Peace Officer.**

13. Since his arrest Derek has suffered from both Physical and Psychological Injuries as a Result of Defendants actions. Defendant's actions showed a flagrant disregard for Mr. Webbs Constitutional rights. They have individually and collectively taken actions that fell well below good-standing professionals in the field of Law enforcement. The Plaintiff and his family continues to suffer as a direct result of the Defendant's Conduct. Mr. Webb suffers from severe depression and has lost the chance of a normal life. Above-named Defendants are liable to the Plaintiff under **42 USC §1983.**

## JURISDICTION & VENUE

14. Jurisdiction is proper in the Federal Court under **735 ILCS 5/2-209**

**42 U.S.C. § 1983** , 14th Amendment and **28 U.S.C. § 1343**, as the events that gave rise to this action occurred in Will County. Plaintiff also is a life long resident of Joliet, IL.

## VENUE

15. Venue is appropriate where the defendants reside or where the claim arose. thus, venue is appropriate under **28 U.S.C. § 1391(b). 735 ILCS 5/2-101** [ Generally.]

## PARTIES

16. **DEREK WEBB** at all times relevant hereto, Plaintiff in this complaint brings this Civil action against the above-named Defendants for **Physical Injuries, Mental Anguish, Excessive Force, Malfeasance**- specifically violation of **General Order 7-1, Code Of Conduct, Subsection : 1.1.D.**

6

Other JPD **Codes Of Conduct, Theft and the Loss Of A Normal Life.**

17.    **PHILLIP MILLER**, at all times relevant hereto, Joliet, Police Officer, who helped facilitate the excessive force that caused the Plaintiff his injuries. He also did not follow protocol by failing to document Currency and Property that belong to the Plaintiff. He was in violation of **720 ILCS 5/33-3 [Official Misconduct Statue]** & Joliet Police  **General Order 7-1, Code Of Conduct, Subsection : 1.1.D.** In doing so he permanently deprived Mr. Webb Of his money. **PHILLIP MILLER** is sued in his Individual and Official Capacity.

18.    **ADAM ROSALES  #128,** at all times relevant hereto, Joliet Police Officer , followed orders of his superior officer who instructed him and other Officers to attack Derek Webb. He slammed the Plaintiff to the ground causing him permanent  disfigurement and irreparable injury to his eye.  This Officer did not give Derek the right to consent to a search of his person. Mr  Webb had the right to be free from intrusive police practices. However, Rosales showed flagrant disregard to that right. **ADAM ROSALES** is sued in his individual and official capacity.

19.    **JESUS MENDEZ #335**, at all times relevant hereto, Defendant in this Complaint, responding Officer who helped restrain the Plaintiff while himself and Evans tasered the Plaintiff (6) times  collectively and even simultaneously.  He is liable for being in violation of the Plaintiffs civil rights. **JESUS MENDEZ** is sued in his Individual and Official Capacity.

20.    **SGT. CHAD EVANS #57,** at all times relevant hereto, Defendant and Senior Officer who instructed his subordinate Officers to attack the Plaintiff' and tasered him at least 4 times. And thereby caused the Plaintiff severe pain,psychological damage permanent disfigurement and the Loss Of A Normal Life. **SGT. CHAD EVANS** is sued in his Individual and Official Capacity.

21.    **DEWAYNE ENGLISH SGT. #53,** Was an is at all times relevant hereto, Public Affairs official who arbitrarily denied his FOIA Request for records to which he was entitled. He did so in bad faith for the purpose of hiding wrongdoing of his fellow Officer. Denied the request based of a claim that records were part of his criminal discovery even when he knew it was relevant to a civil matter. The said Defendant did so for the purpose of hiding evidence. Sgt. **DEWAYNE ENGLISH** is sued in his  individual & Official Capacity.

7

22. **UNKNOWN OFFICER** , at all times relevant hereto, employed by Joliet, Police who took pictures of the Plaintiff's injuries at the hospital on his personal phone. Who did not use JPD's camera but a smart phone that allows its applications access to those photos. In violations to his right to a reasonable expectation of Privacy and due process of law. **UNKNOWN JOLIET POLICE OFFICER** is sued in his Individual Capacity.

23. **CITY OF JOLIET,** at all times relevant hereto, a **Municipality & Promulgator** of the intrusive arrest and Inventory Practices that deprived the Plaintiff of $229 that he was entitled to. Joliet Police Department's Inventory Practice, as applied to Derek Webb was unconstitutional. **CITY OF JOLIET** is sued in its Corporate Capacity.

## STATEMENT OF FACTS

24. **\*Plaintiff Repeats Paragraphs 1- 23 As Fully Set Forth Therein.**

25. Defendants have individually and collectively caused Mr. Webb's Injuries. They have utilized a substandard and aggressive investigation practice that fostered a dangerous situation for themselves and Derek Webb.

26. Their excessive Force could have cost Mr. Webb his life. Officer Phillip Miller and Other Defendants are in violation of **Official Misconduct 720 ILCS 5/33-3 (a) (C)** . They are eligible for prosecution especially Phillip Miller who took the Plaintiff's Money and testified before the Grand Jury [Though he is no longer a credible witness.]

27. If Mr. Webb had taken that money from the Defendant , it would constitute Armed robbery because of the use of force. If regular citizens like Derek Webb are held accountable before the Law ... These Officers should be held even more accountable because their oath to uphold the law and their duty to enforce it. As of now they are yet to be held accountable.

28. Though Plaintiff is still deprived of money he worked for to support his family. Derek Webb has been Denied Constitutional Provisions requisite to Rights to not be deprived of his property, and Freedom from cruel and unusual punishment.

# PRAYER OF RELIEF

I **DECLARE,** that Phillip Miller, Adam Rosales, Chad Evans, & Jesus Mendez violated Derek Webb's **4th 8th & 14th Amendment** rights under **42 USC §1983.**

II. **DECLARE,** That Dewayne English and Unknown Officer violated Derek Webb's Due Process rights under **42 USC §1983.**

III. **AWARD,** The Plaintiff Compensatory & Punitive Damages For Physical Injuries, Mental Anguish , Hospital Bills And The Loss Of A Normal Life. Award the Plaintiff Damages **in excess of 2.29 Million Dollars** – An amount as may be awarded by the finder of fact upon trial of this case.

IV. **ENJOIN,** The Defendant, their superiors, associates, successors or anyone who may be in concert with them from retaliating against Derek Webb.

V. **GRANT,** This Plaintiff any other relief this court deems equitable and just.

**Respectfully Submitted,**

~~_D. K. Webb_~~ **Signature**

# VERIFICATION OF COMPLAINT

*I **DEREK K. WEBB** Certify under **Penalty Of Perjury 735 ILCS 5/1-109** that the Above-statement is true. And as to facts and information given based off belief. I believe them to be true.

~~_D. K. Webb_~~ **Signature**

**DEREK K. WEBB**

**Pro Se Litigant**
**DEREK K. WEBB**
**95 S. CHICAGO, ST.**
**JOLIET, IL 60436**

**Drafted By: Melvin Ammons Jr.**
**In accordance with *Citizen Participation Act.**
**735 ILCS 110/1 et seq.**
**Phone 779-230-8032**

9

L16

## In Forma Pauperis - #23,307,857

| | | | |
|---|---|---|---|
| From: | DEREK WEBB (74276) | Date Submitted: | 02/18/2025 12:05 PM |
| Housing Area: | L POD | Date Received: | 02/19/2025 8:28 AM |
| Assigned To: | Trust Account | Status: | **OPEN** |

### Request

# Request for In Forma Pauperis document

- Staff has five (5) business days to respond to this request.

- Staff will fill out the appropriate area, sign and forward the document with the report to the requesting inmate. The inmate can then complete the document and send it as outgoing mail.

- The In Forma Pauperis form does not need to be notarized. If you want it to be, utilize the COMMISSARY form to request notary services. You will be subject to notary fees if applicable.

**In Forma Pauperis request:**
 [X] I am requesting In Forma Pauperis

**Signature**
 Derek k Webb

**Date Field**
 02/18/2025

### Response

This request has NOT been responded to as of this printing.

LEGAL

GIVE TO INMATE

## CONTENTS

1  FORMA PAUPERIS FORM (2pgs)

1  RESIDENT TRANSACTION DETAILS (11pgs)

3   CIVIL COMPLAINT  (9pgs.)





FOREVER USA — PURPLE HEART

DEREK K. WEBB (742-16)
95. S. Chicago St.
Joliet, IL 60436

Clerk Of The Court
United States District Court
219 S. Dearborn 60604
Chicago IL

RECEIVED
FEB 25 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

